UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REBECCA BRANUM, individually, and on behalf of all other similarly situated consumers,<br><br>    Plaintiff,<br><br>  vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>    Defendant. | Case No.:<br><br><br>COMPLAINT --<br>CLASS ACTION |

Plaintiff, Rebecca Branum, individually and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Defendant Midland Credit Management, Inc., as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff Rebecca Branum, ("Plaintiff") is a natural person, who at all relevant times has resided in Senath, Missouri, and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant Midland Credit Management, Inc., ("Midland" or "Defendant") is a corporation doing business in the state of Missouri, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.     On or about February 21, 2020, Midland sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $588.42, for a personal credit card bill from Synchrony Bank/Lowe's.

7.     Said personal obligation was a debt incurred for personal, family or household purposes and not for business purposes.

8.     The letter arrived in an envelope, attached hereto as Exhibit B. The envelope stated the word "CONFIDENTIAL" in a black bar across it, with a QR scan icon just below.

9.     The letter itself states on top that it is from the "Pre-Legal Department," that it is a "NOTICE OF POSSIBLE ATTORNEY REVIEW," that it is a "PRE-LEGAL NOTIFICATION," and that "We are proceeding with an evaluation of your account and are considering forwarding this account to an attorney in your state for possible litigation."

10.    The letter continues to state that Midland is considering forwarding the account to an attorney for possible litigation and that Plaintiff's failure to make a payment will result in the continuation of the pre-legal review process, after which the account may be forwarded to an attorney. Ultimately, the one page letter mentions the term "Pre-Legal" or "Attorney" an astonishing ten (10) times.

11. Exhibit A is false, deceptive, and misleading given that it is actually very unlikely that Plaintiff will ever be sued on the account.

12. However, a reading of the letter by a consumer of any level of sophistication would leave the reader assured that the debt would go forward to an attorney and the proceed to a suit.

13. The message is further reinforced by the "Confidential" marking on the front. Aside from being its own violation of the FDCPA, it also implies that the message is the work product of an attorney.

14. This deception goes against the FDCPA's purpose of avoiding abusive, deceptive, and threatening debt collection practices.

15. The misleading message is also material because it directly affects the consumer's choice to pay the debt before a suit is initiated.

## CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

17. Plaintiff seeks certification of the following class, initially defined as follows:

**Class: All consumers within the state of Missouri that have received the same form letter as Exhibit A from Midland concerning debts for Synchrony Bank used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

18. Excluded from the Class is Midland, and any person, firm, trust, corporation, or other entity related to or affiliated with Midland, including, without limitation, persons who are officers, directors, employees, associates or partners of Midland.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4), or modify the class definition as to the geographical location

or original creditor, including expanding the definition to a nation-wide class. Defendant should be prepared to defend a nationwide class should Plaintiff so modify the class.

### Numerosity

20. Upon information and belief, Midland has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout Missouri, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The letters sent by Midland, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Midland violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Midland; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Midland's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Midland's

common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26.     Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. Absent a class action, the Class members will continue to suffer losses borne from the Midland's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Midland's conduct to proceed and; (b) Midland to further enjoy the benefit of its ill-gotten gains.

33. Midland has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

34. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

35. Midland's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

36. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

37. Section 1692f provides:

**§ 1692f. Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

WHEREFORE, Plaintiff, Rebecca Branum, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

    C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

    D. Award costs and reasonable attorneys' fees;

    E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

Dated: October 13, 2020

            Respectfully Submitted,

            <u>/s/ Daniel Zemel</u>
            Daniel Zemel, Esq.
            **Zemel Law LLC**
            660 Broadway
            Paterson, NJ 07514
            (P) (862) 227-3106
            dz@zemellawllc.com
            *Attorney for Plaintiff*

# EXHIBIT A

**Pre-Legal Department**

# NOTICE OF POSSIBLE ATTORNEY REVIEW



Midland Credit Management™

350 Camino De La Reina
Suite 100
San Diego, CA 92108

MCM's Pre-Legal Department has attempted to contact you regarding this account

Rebecca Branum
Senath, MO

P18 T330 016

**PRE-LEGAL NOTIFICATION**

SECOND NOTICE
Pay at MidlandCredit.com or
Call 877-798-7851

2/21/2020

RE: SYNCHRONY BANK LOWES
Original Account Number: xxxxxxxxxxxx5193
MCM Account Number: 300739369

### CURRENT STATUS OF YOUR ACCOUNT

We are proceeding with an evaluation of your account and are considering forwarding this account to an attorney in your state for possible litigation. Contact us by **3/22/2020** to resolve this account.

### IF YOU DO NOT CONTACT US

Failure to make a payment or contact us will result in the continuation of the pre-legal review process.
After the pre-legal review process, your account may be forwarded to an attorney.

### SOME OF YOUR OPTIONS

Call us at **877-798-7851** today to stop this process!
Make a payment using the slip provided below or pay online at **MidlandCredit.com**.

### LET US HELP YOU

If your account goes to an attorney, the flexible options below may no longer be available to you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law.
There still is an opportunity to set up a payment plan and avoid the hassle and inconvenience of the legal process. Please call us today: **877-798-7851**.

| STOP THE PRE-LEGAL PROCESS | • Pay your full balance of $588.42<br>• Call us to see how to qualify for payment plans | Reply by 3/22/2020 at MidlandCredit.com or 877-798-7851<br>Mon-Fri: 8am - Midnight ET<br>Sat-Sun: 8am - 7:30pm ET |
|---|---|---|

Sincerely,

*Tim Bolin* Division Manager

00050284

We are not obligated to renew any offers provided

 MidlandCredit.com

 877-798-7851

 Midland Credit Management, Inc.
PO Box 301030
Los Angeles, CA 90030-1030

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

## Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | MCM Account Number | 300739369 |
| Original Account Number | xxxxxxxxxxxx5193 | Charge-Off Date | 11/11/2018 |
| Current Creditor *The sole owner of this debt* | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |

## Important Contact Information

| | | |
|---|---|---|
| Send Payments to: Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Send disputes or an instrument tendered as full satisfaction of a debt to: Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083 You may also call: 877-798-7851 | Physical Payments for Colorado Residents: Colorado Manager, Inc. 8690 Wolff Court, Suite 110 Westminster, CO 80031 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

**NMLS ID: 934164**

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 350 Camino De La Reina, Suite 100, San Diego, CA, 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

DPRODA

# EXHIBIT B

