UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REBECCA BRANUM, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 1:20CV216 SNLJ |
| MIDLAND CREDIT MGMT., INC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Rebecca Branum filed this putative class action against defendant Midland Credit Management, Inc. ("MCM") alleging that MCM violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., when it sent a letter to her in an attempt to collect a debt that plaintiff owed on her Lowes credit card, which was issued by Synchrony Bank ("Synchrony"). Defendant has moved to compel arbitration and dismiss.

**I.     Factual Background**

Plaintiff opened a Lowes credit card account in 2018. The credit card agreement ("Agreement") that governed the account was mailed to plaintiff on or about January 8, 2018. The Agreement stated that "By opening or using your account, you agree to the terms of the entire Agreement." Plaintiff agreed to the Lowes Account Agreement by opening and using the Lowes Account to make purchases and payments as evidenced by the billing statements and balance maintained on the Lowes Account.

Plaintiff's last purchase posted to the Lowes Account was on or about March 17, 2018 and the last payment to the Lowes Account was on March 14, 2018. The balance of the Lowes Account was subsequently charged-off on or about November 11, 2018.

> The credit card Agreement contains an arbitration provision:
>
> PLEASE READ THIS SECTION CAREFULLY.  IF YOU DO NOT REJECT IT, THIS SECTION WILL APPLY TO YOUR ACCOUNT, AND MOST DISPUTES BETWEEN YOU AND US WILL BE SUBJECT TO INDIVIDUAL ARBITRATION.  THIS MEANS THAT: (1) NEITHER A COURT NOR A JURY WILL RESOLVE ANY SUCH DISPUTE; (2) YOU WILL NOT BE ELIGIBLE TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING; (3) LESS INFORMATION WILL BE AVAILABLE; AND (4) APPEAL RIGHTS WILL BE LIMITED.

The Arbitration Provision requires the parties to arbitrate the dispute before the Court, stating: "you and we must arbitrate any dispute or claim . . . if it relates to your account." The Agreement also contains a class action waiver, which prohibits plaintiff from participating in a class or representing a class in an action in court or at arbitration:

> - No Class Actions
>
> YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION.  ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDER WHO IS NOT AN ACCOUNTHOLDER ON YOUR ACCOUNT, AND YOU AGREE THAT ONLY ACCOUNTHOLDERS ON YOUR ACCOUNT MAY BE JOINED IN A SINGLE ARBITRATION WITH ANY CLAIM YOU HAVE.

The Arbitration Provision is expressly governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. The Arbitration Provision includes an opt-out clause, which advised plaintiff of her right to reject the Arbitration Provision of the Agreement

and how to do so. Synchrony maintains records of correspondence that it receives from cardholders, including requests to reject or opt-out of an arbitration provision, and its records contain no record of a notice from plaintiff exercising her right to reject the Arbitration Provision.

Synchrony sold all rights, title, and interest in plaintiff's credit card account to Midland Funding, LLC ("Midland"), including the right to compel arbitration. Thereafter, Midland assigned, transferred, and conveyed all rights in the Lowes Account to defendant MCM.

Plaintiff filed this putative class action claiming that MCM sent a "dunning letter" containing false, deceptive, and misleading statements in violation of the FDCPA. Defendant moved to compel arbitration and to dismiss in light of the language of the parties' agreement. Plaintiff opposes the motion.

Plaintiff also filed a motion to strike/disregard portions of defendant's reply memorandum in support of the motion to compel arbitration because, plaintiff says, the reply and its exhibits contain new evidence/arguments to which plaintiff cannot respond.

## II.      Discussion

The Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This strong language manifests a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). Thus, courts are directed to "rigorously enforce agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks

3

omitted) (citation omitted). Under the FAA, a court must, upon motion by a party, stay or dismiss any proceeding and compel arbitration if an issue in controversy is covered by a valid arbitration agreement. *See* 9 U.S.C. §§ 3, 4; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("§ 3 requires courts to stay litigation of arbitral claims pending arbitration . . . § 4 requires courts to compel arbitration 'in accordance with the terms of the agreement.'"). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

Because the parties rely on matters outside the pleadings, a "summary judgment-type standard is applied." *Nebraska Mach. Co. v. Cargotec Sols., LLC*, 762 F.3d 737, 742 (8th Cir. 2014). This Court views the evidence and resolves all factual disputes in the nonmoving party's favor. *Id.*

Here, plaintiff's complaint appears to fall squarely within the scope of the parties' arbitration agreement. She accepted the terms of the Agreement by requesting, receiving, signing, and using her credit card. The Agreement broadly permits either party to compel arbitration of a dispute "if it relates to your account." It appears clear, then, that the Agreement allows defendant to compel arbitration of plaintiff's claim, which clearly relates to her account, and that the Agreement also prohibits plaintiff from proceeding with her putative class action.

Plaintiff's sole argument is that defendant has not established that it succeeded to the right to arbitrate. This Court disagrees that defendant has not established its right to arbitrate. Although it appears a scrivener's error mistakenly caused defendant's declarant to state that Midland had most-recently purchased the Lowes Account at issue, defendant's declarant explained and corrected the mistake in a supplemental declaration. The declarant also added as an exhibit the "Assignment Agreement" which shows that Midland Funding assigned all rights in the Purchase Agreement to MCM. Although plaintiff takes issue with this "additional evidence" (and also with the declarant's use of a typed instead of handwritten signature)[1], plaintiff could have easily sought leave to file a surreply if she has genuine evidentiary concerns regarding the evidence she herself said was necessary to the Court's determination. She did not do so, although she says in her reply that she should now be permitted to file a surreply to establish why the "new evidence" does not help defendant's argument. There is no reason to believe that MCM did not purchase plaintiff's Lowes Account or that MCM does not now stand in Synchrony's shoes as a party to the Agreement and its Arbitration Provision. That said, out of an abundance of caution, this Court will grant leave to plaintiff to file a surreply within 14 days.

---

[1] The declarant explained that she typed her signature because she was working from home due to the COVID-19 pandemic. The declarant's supplemental declaration includes a handwritten signature.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel arbitration [#6] is held in abeyance pending plaintiff's filing of a surreply within 14 days.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike [#13] is **DENIED in part and GRANTED in part.**

Dated this 17th day of August, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE