UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REBECCA BRANUM, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MGMT., INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 1:20CV216 SNLJ ) ) ) ) ) |

## MEMORANDUM AND ORDER

Plaintiff Rebecca Branum filed this putative class action against defendant Midland Credit Management, Inc. ("MCM") alleging that MCM violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., when it sent a letter to her in an attempt to collect a debt that plaintiff owed on her Lowes credit card, which was issued by Synchrony Bank ("Synchrony"). Defendant moved to compel arbitration and dismiss. Plaintiff opposed the motion because, she said, defendant had not established that it succeeded the original lender's interests, including in the right to arbitrate disputes. This Court, out of an abundance of caution, permitted the plaintiff to file a surreply in support of that position.

Plaintiff does not dispute that, by opening or using her credit card account, she agreed to arbitrate any dispute or claim that relates to her account. Instead, she argues that (1) the assignment of the arbitration rights to defendant was invalid, and (2) three of defendant's exhibits in support of its motion are inadmissible hearsay.

Plaintiff's Lowes credit card account was originally owned by Synchrony. Synchrony sold all rights, title, and interest in plaintiff's credit card account to Midland Funding, LLC ("Midland"), including the right to compel arbitration. Thereafter, Midland assigned, transferred, and conveyed all rights in the Lowes Account to defendant MCM. Plaintiff asserts now that Midland's assignment of the Purchase Agreement was invalid because Midland did not receive prior written consent from Synchrony as required under the Purchase Agreement. Although Synchrony executed a waiver and consent of the assignment, plaintiff argues that Synchrony's waiver and consent does not cure the alleged breach, making the assignment invalid.

Defendant MCM disputes the consent provision is relevant here. Even if this consent provision had been triggered by the transfer (which defendant characterizes as an internal transfer between sister corporations), any "breach" for lack of consent was cured by Synchrony's signed "waiver and consent." Plaintiff suggests the consent, which happened after-the-fact, does not cure the "breach" and that the assignment is still invalid. But plaintiff does not have standing to argue that a breach occurred because she was not a party to the contract. *See, e.g.*, *Rogers v. Bank of Am., N.A.*, 787 F.3d 937, 938 (8th Cir. 2015) (affirming that plaintiff did not have standing to challenge foreclosure on the basis that defendants violated mortgage assignment because plaintiff was not a party to the contract). Plaintiff suggests that the individuals signing for Synchrony and others were somehow not authorized to do so, and she requests discovery on the matter. Again, plaintiff's wild speculation as to the effectiveness of the consent is not supported by any standing to make any such claim.

Plaintiff also argues that the exhibits used to support defendant's right to arbitrate are inadmissible hearsay.  This Court disagrees.  The defendant's declarant is a custodian for defendant, and the documents she attaches as exhibits are business records subject to the business records exception to the hearsay rule.  Fed. R. Evid. 803(6).

Defendant has amply demonstrated its right to arbitrate this case.  Remaining for discussion is whether this matter should be dismissed or stayed pending arbitration.  Where the parties' agreement to arbitrate covers all of plaintiff's claims, there is "no reason to stay [the] action." *Ranson v. Securitas Sec. Servs. USA*, No. 1:18cv105 SNLJ, 2018 WL 4593707, at *5 (E.D. Mo. Sept. 25, 2018).  Plaintiff suggests that this is not true in a practical sense because, e.g., the arbitrator's decision is subject to review by the Court.  Of course, no case need be pending in order to obtain confirmation of an arbitration award or for a party to appeal such an award.  Because all plaintiffs' claims against all parties will be resolved through arbitration, there is no reason to issue a stay.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel arbitration (#6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Dated this 18th day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE